```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


WANDA CHILONE SMITH, ET AL.        *      CIVIL ACTION

VERSUS                             *      NO. 05-734

JEFFREY N. STERN, ET AL.           *      SECTION "B"(1)
```

### ORDER

The above captioned matter is an action for legal malpractice based on the incorrect written representation Defendant, Jeffrey Stern, made to Plaintiffs that the statute of limitations for a medical malpractice action in Louisiana is three years. (Rec. Doc. No. 2 at "Ex. B"). The letter submitted into the record establishes a prima facie case for recovery in an attorney malpractice action. See Ramp v. St. Paul Fire & Marine Ins. Co., 263 La. 774 (1972). Defendants assert here that they had reason to believe Plaintiffs' allegations were contrary to medical evidence acquired during the initial investigation of the medical malpractice suit.

"To prove a claim for legal malpractice a plaintiff must prove: (1) there was an attorney-client relationship; (2) the attorney was negligent and (3) that negligence caused plaintiff some loss." Beis v. Bowers, 649 So.2d 1094, 1095 (La.App. 4 Cir.1995); citing Scott v. Thomas 543 So.2d 494 (La.App. 4

Cir.1989)& Evans v. Detweiler 466 So.2d 800 (La.App. 4 Cir. 1985).  Once the plaintiff establishes a prima facie case for attorney malpractice, the burden shifts to the defendant to prove that the litigation would not have been successful even if he had not negligently handled the plaintiff's case. Cabot v. Brian, 568 F.Supp. 371, 373 (E.D.La. 1983) (citing Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109 (La. 1982)).

To be successful in a legal malpractice claim, a plaintiff must show that she suffered some loss due to the attorney's negligent misrepresentation.  Beis, 649 So.2d at 1095.  Louisiana courts have held that in a claim for legal malpractice, the plaintiff's inability provide any evidence that his lawsuit would have been successful but for the attorney's failure to file a timely claim will allow for summary judgment to be granted in favor of the defendant attorney.  Whittington v. Kelly, 917 So.2d 688, 691 (La.App. 2 Cir. 2005)(Granting defendant attorney's motion for summary judgment where plaintiff failed to produce any evidence in support of a sexual harassment claim); Joseph v. Gray, 916 So.2d 1130 (La.App. 4 Cir. 2005)(granting summary judgment in favor of defendant attorney who presented evidence that plaintiff did not have a meritorious claim).

Additionally, to determine whether a plaintiff suffered any loss, courts will consider evidence of medical records.  Beis, 649 So.2d at 1096; Joseph, 916 So.2d at 1131.  In Joseph, the

court was presented with medical records that demonstrated the lack of a valid medical malpractice claim, including a letter from an emergency room physician stating that according to Plaintiff's medical records, there was no deviation from the standard of care. Id. The court granted summary judgment for a defendant lawyer who failed to file the medical malpractice claim on behalf of a plaintiff who did not have a meritorious claim. Id. See also Beis, 649 So.2d at 1096 (presenting the Medical Review Panel's opinion and affidavits of panel members who concluded that a doctor met the applicable standard of care).

Additionally, courts have concluded that a plaintiff's statements alone are not enough for their claims to survive a motion for summary judgment in legal malpractice claims. Beis, 649 So.2d at 1096 (finding self-serving statement from the plaintiff was not enough to show her claim would have been successful); Joseph, 916 So.2d at 1131 (Deposition testimony of plaintiffs alone is not enough for their claim to survive the defendant's motion for summary judgment). See also Hugh Symons Group, PLC v. Motorla, Inc., 292 F.3d 466, 468 (5th Cir.2002); Sorina-Washington v. Mobile Mini, Inc., WL 221557 *2 (E.D. La.2005); Vassel v. Metrovision Partnership Foundation WL 107172 *8 (E.D. La.1998); Benn v. Chevron Pipe Line Co. WL 91024 *2 (E.D. La.1997); Bickerstaff v. Whitney Nat. Bank, WL 304308 *1 (E.D. La.1996).

In the instant action, the Court relies on the unrefuted medical evidence that Plaintiff had single pregnancy to find Defendant met its burden of proving Plaintiffs' case would not have been successful if brought within the proper prescriptive period. Plaintiffs fail to present evidence raising a material issue of fact related to the pathology report, ultrasounds, or other medical evidence submitted via affidavit.

We realize that one ultrasound may have indicated a twin pregnancy, however subsequent ultrasounds only showed a single pregnancy. Affidavits from Plaintiff and her boyfriend stating they saw what "appeared to be another baby" do not create a material factual dispute. Overwhelmingly, uncontested objective medical tests – ultrasounds and pathology studies– along with the medical expert's affidavit conclusively prove this was a single pregnancy.

Accordingly, **IT IS ORDERED** that Defendants' motion for summary judgment is hereby **GRANTED**.

New Orleans, Louisiana, on this <u>14th</u> day of <u>August</u>, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE